UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **WILLIAM ABERTS**<br>806 Trapper Court<br>Hampstead, Maryland 21074<br><br>*Plaintiff*,<br>v.<br><br>**GEORGE R. NORRIS, INC.**<br>925 Merritt Boulevard<br>Dundalk, Maryland 21222<br><br>**SERVE ON:**<br>David N. Cook<br>925 Merritt Boulevard<br>Dundalk, Maryland 21222<br><br>*Defendant.* | Civil Action No. _____ |

# COMPLAINT AND JURY DEMAND

Plaintiff William Aberts ("Plaintiff" or "Mr. Aberts"), by and through his undersigned counsel, James M Ray, II and Ray Legal Group, LLC, hereby files suit against George R. Norris, Inc. and states as follows:

## THE NATURE OF THE ACTION

1. This is Plaintiff's civil action against George R. Norris, Inc. (hereinafter, "Defendant" or "Employer") seeking damages and/or other legal relief, including for the Defendant's violation of Mr. Aberts' rights under the federal Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2601, *et seq.*

## THE PARTIES

2. Plaintiff William Aberts is a Maryland citizen and a resident of Carroll County,

Maryland.

3. The Defendant is a Maryland corporation with its principal office located in Dundalk, Maryland.

4. The Defendant, at all times, was acting through its employees, servants, agents, or other affiliates as to the matters alleged herein.

## JURISDICTION & VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

6. The Plaintiff's FMLA cause of action is authorized by 29 U.S.C. § 2617(a)(2). The Plaintiff has a right to jury trial under the FMLA.

7. Venue is proper in this District under 28 U.S.C. § 1391, where a substantial part of the events giving rise to Plaintiff's claims occurred.

8. The Plaintiff has complied with all conditions precedent, administrative requirements, and/or legal preconditions to properly file and pursue this civil action and has exhausted any and all required administrative remedies. This civil action is lawfully filed in this Court. All conditions precedent have occurred or been performed.

## FACTS COMMON TO ALL COUNTS

9. Mr. Aberts began his employment with the Defendant on March 14, 2019 as a mechanic/welder.

10. Mr. Aberts is a Type 1 diabetic. Persons suffering from diabetes have a higher chance of experiencing serious complications from COVID-19.

11. Mr. Aberts also had a "qualifying need related to a public health emergency" because he was "unable to work (or telework) due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child

2

care provider of such son or daughter is unavailable, due to a public health emergency." The Emergency Family and Medical Leave Expansion Act, PL 116-127, 134 Stat. 178 (2020) (codified at 29 U.S.C § 2660(a)(2)(A)) (the "EFMLA").

12. The Defendant granted the Plaintiff leave under the Emergency Family and Medical Leave Act.

13. In a July 1, 2020 letter to the Plaintiff, the Employer stated:

Dear William

I hope that this letter finds you well. As I stated on your voicemail, as of July 13th your protected leave under the Emergency Family and Medical Leave Act will be exhausted. The state in which you are employed does not mandate any additional leave rights beyond this period of time.

As a courtesy, the Company may be able to grant you an additional leave period of 30 business days beyond the expiration of your EFMLA leave, dependent upon receiving additional medical documentation. You can email the documentation to AskHR@allroadscompany.com or fax to 1-888-830-xxxx. **Documentation is required no later than by July 10, 2020**.

Should you have any questions please feel free to contact me at 410-285-xxxx ext. xxxx.

Sincerely,

Nicole Keimig
Human Resources Generalist

(Emphasis in original letter; telephone numbers edited).

14. With Mr. Aberts' EFMLA leave terminating on July 13, 2020, the extension "30 business days" set forth in the July 1, 2020 letter from the Defendant would require Mr. Aberts to return to work on Monday, August 24, 2020.

15. On July 7, 2020, Mr. Aberts obtained documentation in the form of a letter from James A. Dicke, M.D., stating:

Mr. Abert's [sic] medical conditions place him at a higher risk for

3

>contracting COVID-19.  Per CDC guidelines, this patient continues to be advised to avoid all unnecessary contact with the public.  This recommendation will be re-evaluated as the pandemic [c]ontinues to evolve.  Patient is to remain off work until August 24, 2020.

Mr. Aberts emailed the documentation from Dr. Dicke to the Defendant on July 8, 2020, two days prior to the July 10, 2020 deadline contained in the Defendant's July 1, 2020 letter.  The date provided by Dr. Dicke, August 24, 2020, is exactly "30 business days" from July 13, 2020.  At no time prior to Mr. Aberts' EFMLA leave expiring on July 13, 2020, nor at any time thereafter, did the Defendant tell Mr. Aberts that the medical documentation was in any way inadequate, that the medical documentation failed to comply with the request in the Defendant's July 1, 2020 letter, or that the "30 business days" extension expired on a date prior to August 24, 2020.

16. On August 12, 2020—prior to the August 24, 2020 expiration of the "30 business days"—the Defendant terminated Mr. Aberts' employment.  In the termination letter, the Defendant stated that "[a]s previously stated on July 1, 2020, as of July 13, 2020 you exhausted all 12 weeks of protected leave under the Emergency Family and Medical Leave Act.  As of today, August 11, 2020, you have also exhausted the additional 30 days that the company granted to you beyond the EFMLA…Since you are unable to return to work at this time, your employment with All Roads Company is terminated effective August 11, 2020."  August 11, 2020 is 30 <u>calendar</u> days from July 13, 2020, not the 30 <u>business</u> days described in the Defendant's July 1, 2020 letter.

17. The Defendant never told Mr. Aberts that "30 business days" meant "30 calendar days."  When Mr. Aberts reminded the Defendant that the July 1, 2020 letter said, "30 business days," the Defendant ignored Mr. Aberts' reminder.

18. The Defendant never told Mr. Aberts that he needed to return to work by August 11, 2020.

19. Even though the Defendant has received the requested documentation from Mr.

Aberts' doctor that Mr. Aberts was to "remain off work until August 24, 2020," the Defendant never told Mr. Aberts that he needed to return to work prior to August 24, 2020.

20. Had Mr. Aberts been told that he needed to return to work by August 11, 2020, Mr. Aberts would have returned to work despite the risk to his health and notwithstanding his doctor's recommendation to avoid losing his job.

21. Had Mr. Aberts been told that he needed to return to work on July 13, 2020 when his leave under the EFMLA expired, Mr. Aberts would have returned to work on that date to avoid losing his job; however, he relied on the "30 business days" "courtesy" granted by the Defendant in the July 1, 2020 letter.

22. Any non-discriminatory justification for Mr. Aberts' termination was a pretext.

## COUNT I
### FMLA Interference -- 29 U.S.C. § 2615(A)(2)

23. The Plaintiff incorporates the preceding paragraphs as if set fully herein.

24. The Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each work day during each of twenty (20) or more calendar workweeks. *See* 29 U.S.C. § 2611(4)(A)(i).

25. Plaintiff is an "eligible employee" under the FMLA as he had been employed by Defendant, and had been working under the supervision and control of Defendant for more than twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave.

26. 29 U.S.C. § 2615(a)(1) of the FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by this subchapter."

27. The Defendant interfered with the Plaintiff's rights under the FMLA by not

informing the Plaintiff that he would be terminated if he did not return to work by July 13, 2020 when his leave under the EFMLA ended.

28. The Defendant interfered with the Plaintiff's rights under the FMLA by not informing the Plaintiff that he would be terminated if he did not return to work by July 13, 2020 when his leave under the EFMLA ended and by terminating the Plaintiff's employment on August 11, 2020.

29. The Defendant also interfered with the Plaintiff's rights under the FMLA by not informing the Plaintiff that he would be terminated if he did not return to work by August 11, 2020, which was 30 calendar days from July 13, 2020 and by terminating the Plaintiff on August 11, 2020. The Defendant knew that the Plaintiff would rely on the express statement that, as a "courtesy," he could return from his EFMLA leave on August 24, 2020, which was 30 business days after July 13, 2020, and intended to use the Plaintiff's failure to return to work on August 11, 2020 as a pretext to wrongfully terminate the Plaintiff's employment.

30. As a direct and proximate cause of Defendant's unlawful actions, the Plaintiff was prejudiced, and has suffered substantial pecuniary losses.

## COUNT II
## FMLA Retaliation -- 29 U.S.C. § 2615(A)(2)

31. The Plaintiff incorporates the preceding paragraphs as if set fully herein.

32. The Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each work day during each of twenty (20) or more calendar workweeks. *See* 29 U.S.C. § 2611(4)(A)(i).

33. Plaintiff is an eligible "employee" under the FMLA as he had been employed by Defendant, and had been working under the supervision and control of Defendant for more than

twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave.

34. 29 U.S.C. § 2615(a)(2) of the FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

35. The Plaintiff engaged in protected activity when he took the EFMLA leave that had been authorized by the Defendant.

36. As a direct and proximate cause of Plaintiff engaging in protected activity by taking EFMLA leave, Defendant intentionally retaliated against the Plaintiff by terminating the Plaintiff's employment. Any explanation by the Defendant for these actions is a pretext.

37. The Defendant's wrongful intent is demonstrated by its termination of Mr. Aberts, its misrepresentation in the July 1, 2020 letter that Mr. Aberts, without any negative consequence, could return to work on or before August 24, 2020 (*i.e.* 30 business days). The Defendant's wrongful intent is also demonstrated by paying Mr. Aberts all his accrued paid time off (PTO) and accrued sick leave in his check dated July 24, 2020, payment that would typically only been made when a person's employment ends; the payment of PTO and sick time suggests that, as of July 24, 2020 if not earlier, the Defendant intended to terminate Mr. Aberts' employment anticipating that Mr. Aberts would expect that he did not need to return to work until August 24, 2020.

38. As a direct and proximate cause of Defendant's wrongful actions, the Plaintiff was prejudiced, and has suffered substantial pecuniary losses.

WHEREFORE, Plaintiff William Aberts respectfully prays that this Court grant the following relief:

a. An order permanently enjoining and restraining Defendant, its agents, officers,

      servants and employees from interfering and retaliating against other employees due to an employee use of FMLA and EFMLA;

b.      Compensation for back pay, front pay, and compensation for other lost employment benefits, liquidated damages, compensatory damages, punitive damages, and costs and reasonable attorneys' fees against the Defendant in the amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

c.      Reinstatement; and

d.      Any and all additional relief as the Court may deem just and proper.

Respectfully Submitted,

**RAY LEGAL GROUP, LLC**

By:   /s/ James M. Ray
James M. Ray, II (#012773)
jim.ray@raylegalgroup.com
8720 Georgia Avenue, Suite 803
Silver Spring, Maryland 20910
Phone: (301) 755-5656
Fax:   (301) 755-5627

*Attorneys for Plaintiff*

## **PRAYER FOR JURY TRIAL**

Plaintiff William Aberts demands a trial by jury as to all issues so triable.

   /s/ James M. Ray, II
James M. Ray, II